This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Baxley

Mailed: December 19, 2014

**Opposition No. 91212472**

Prosper Business Development
Corporation

v.

International Business Machines,
Corporation

**Opposition No. 91215572**
**Cancellation No. 92059154**

International Business Machines,
Corporation

v.

Prosper Business Development
Corporation

(as consolidated)

**Andrew P. Baxley, Interlocutory Attorney:**

In this decision, the Board orders consolidation of several related proceedings and addresses several contested motions to amend pleadings.

## **Background**

International Business Machines, Corporation ("IBM") filed a request for an extension of protection of an international registration to the United States under Trademark Act Section 66(a), 15 U.S.C. § 1141f(a) ("Madrid Protocol"), seeking registration of the mark BIGINSIGHTS in standard

character form for goods in International Class 9 and services in International Classes 35 and 42.[1] A flurry of litigation before the Board ensued.

Following publication of IBM's mark for opposition, Prosper Business Development Corporation ("Prosper") timely filed a notice of opposition to registration of the mark through the USPTO's Electronic System for Trademark Trials and Appeals ("ESTTA"), in accordance with Trademark Rule 2.101(b)(2), which resulted in the institution of Opposition No. 91212472. In the original notice of opposition in that proceeding, Prosper alleged a likelihood of confusion with its BIGINSIGHT mark, which is subject of U.S. Registration No. 4320032,[2] and dilution of its BIGINSIGHT mark. On the ESTTA electronic form for the original notice of opposition in Opposition No. 91212472, Prosper also refers to its application Serial No. 85806210 for the BIG INSIGHT and design mark[3] as bases for its opposition.

---

[1] Application Serial No. 79115344, filed May 21, 2012. IBM is identified in its application as a New York corporation. However, any holder of an international registration may file a request for extension of protection of that registration to the United States under Section 66(a). TMEP § 1904 (October 2014). IBM relies upon International Registration No. 1122540, issued May 21, 2012, in support of its Section 66(a) application. Accordingly, notwithstanding that IBM is a United States entity, it is a proper Section 66(a) applicant.

[2] Such registration issued April 16, 2013, maturing from an application that was filed on May 9, 2012 based on an assertion of use in commerce under Trademark Act Section 1(a), 15 U.S.C. § 1051(a). Therein, Prosper alleges April 5, 2011 as the date of first use anywhere and date of first use in commerce.

[3] Such application was filed December 19, 2012, based on an allegation of use in commerce under Trademark Act Section 1(a), 15 U.S.C. § 1051(a), and alleging February 7, 2012 as the date of first use anywhere and date of first use in commerce. Although Prosper refers to application Serial No. 85806210 in the text of the notice

IBM responded by filing (1) an opposition to Prosper's U.S. Application Serial No. 85806210 (Opposition No. 91215572) and (2) a Petition to Cancel Prosper's Registration No. 4320032 (Cancellation No. 92059154). Both these proceedings are grounded on alleged likelihood of confusion with IBM's previously-used BIGINSIGHTS mark under Section 2(d). Opposition No. 91215572 and Cancellation No. 92059154 were consolidated in a June 10, 2014 order.

## Consolidation

Cancellation No. 92059154 is effectively a compulsory counterclaim in Opposition No. 91212472.[4] Therefore, the Board hereby orders the consolidation of the above-captioned proceedings. *See* Fed. R. Civ. P. 42(a); *Regatta Sport Ltd. v. Telux-Pioneer Inc.,* 20 USPQ2d 1154 (TTAB 1991); *Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382 (TTAB 1991); TBMP § 511 (2014). The consolidated cases may be presented on the same record and briefs. *See Helene Curtis Industries Inc. v. Suave Shoe Corp.*, 13 USPQ2d 1618 (TTAB 1989); *Hilson Research Inc. v. Society for Human Resource Management*, 26 USPQ2d 1423 (TTAB 1993).

The Board file will be maintained in Opposition No. 91212472 as the "parent" case. As a general rule, from this point onward, only a single copy of

---

of opposition, neither of its pleaded claims set forth in that text are based on that application.

[4] The petition to cancel in Cancellation No. 92059154 is timely filed inasmuch as IBM has not filed an answer in Opposition No. 91212472. See Trademark Rule 2.106(b)(2); TBMP § 313.

any submission should be filed herein. That copy, however, should include all of the consolidated proceeding numbers in the caption thereof. Despite being consolidated, each proceeding retains its separate character. The decision on the consolidated cases shall take into account any differences in the issues raised by the respective pleading; a copy of the decision shall be placed in each proceeding file.

### The Motions to Amend Pleadings

In the ESTTA electronic opposition form for Opposition No. 91212472, Prosper indicated that it is opposing registration of IBM's mark for all classes of goods and services in the application on grounds of likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), and dilution under Trademark Act Section 43(c), 15 U.S.C. § 1125(c), and did not specify which claim(s) pertained to which international classes. In the text of the attached pleading, however, Prosper more specifically pleaded its Section 2(d) claim with regard to International Class 35 only and its Section 43(c) claim with regard to International Classes 9 and 42 only.

Prior to the filing of an answer in that proceeding, Prosper filed a first amended notice of opposition in which Prosper maintained its opposition to registration of IBM's mark in all three classes, but based on only a Section 2(d) claim, and it omitted the Section 43(c) claim. Later the same day, Prosper filed a second amended notice of opposition in all three classes based

only on a Section 2(d) claim which it set forth in greater detail than it did in the first amended notice of opposition.[5]

Because no answer was of record, the Board accepted Prosper's first amended notice of opposition as a matter of course as the operative complaint herein. *See* Fed. R. Civ. P. 15(a); TBMP § 507.02. Because neither IBM's written consent nor a motion for leave to file a further amended complaint was of record, the Board, in that same order, determined that the second amended notice of opposition was not properly before the Board and declined to consider it.

Prosper then filed several motions to amend its pleadings: (1) a motion for leave to file the second amended notice of opposition ("the motion for leave to file a second amended notice") in Opposition No. 91212472, which the Board previously found not to be before it; (2) a subsequent motion for leave to file a third amended notice of opposition ("the motion for leave to file a third amended notice") in Opposition No. 91212472 to amend the dates of use that Prosper claims for its pleaded mark; and (3) a motion for leave to amend its answers in Opposition No. 91215572 and Cancellation No. 92059154 to rely upon amended dates of use in its defenses therein, which was filed concurrently with the motion for leave to file the third amended notice in Opposition No. 91212472. The motions have been fully briefed.

---

[5] Unlike the initial notice of opposition, the first and second amended notices of opposition did not involve use of an ESTTA opposition form. Amended pleadings in an opposition filed via ESTTA are "covered" only with a general ESTTA filing form, not an opposition form. Use of the latter form is limited to the initial filing of an opposition.

***Prosper's Second Amended Notice of Opposition***

In opposition to the motion for leave to file a second amended notice of opposition, IBM contends that Prosper improperly attempts to add Section 2(d) claims against IBM's Section 66(a) application in International Classes 9 and 42. In reply, Prosper asserts that the second amended notice of opposition merely amplifies or clarifies the grounds for opposition.

The issue presented by the motion to file the second amended notice is the extent to which an opposer may amend a notice of opposition to a Section 66(a) application, when the grounds stated in the original notice of opposition are arguably narrower in scope than the grounds for opposition set forth on the ESTTA electronic form.

An opposition to a Section 66(a) application must be filed through ESTTA. *See* Trademark Rule 2.101(b)(2). Filing an opposition through ESTTA requires the completion of an electronic form, and the attachment of a "pleading (*i.e.* a short and plain statement showing that the filer is entitled to relief)." TBMP § 110.09(c)(1). In all oppositions filed through ESTTA, the electronic form requires entry of information necessary for the Board to institute the proceeding, including the grounds for opposition, which, it is expected, are further explained in the attached pleading. When an opposition to a Section 66(a) application is filed, the USPTO must notify the International Bureau ("IB") of the World Intellectual Property Organization

within strict time limits of "all of the grounds for the opposition."[6] Trademark Act Section 68(b)–(c), 15 U.S.C. § 1141h(b)-(c). In fulfillment of this requirement for notification, the ESTTA system automatically transmits to the IB the information provided by the filer on the ESTTA electronic opposition form. The automated system does not send a copy of the attached pleading to the IB. *See CSC Holdings LLC v. SAS Optimhome*, 99 USPQ2d 1959, 1960 (TTAB 2011).

Once the IB is timely notified of the grounds for an opposition, the USPTO may not entertain an opposition on any ground as to which the IB has not been timely notified. *See* Trademark Act Section 68(c)(3), 15 U.S.C. § 1141h(c)(3). That is, once filed, an opposition against a Section 66(a) application may not be amended to add to the grounds for opposition or to add to the goods or services subject to opposition beyond those as to which the IB has been notified. *See* Trademark Rule 2.107(b);[7] *Hunt Control Systems*

---

[6] Other information required to be transmitted with the notification can be found in Rule 17 of the Common Regulations under the Madrid Agreement Concerning the International Registration of Marks and the Protocol Relating to that Agreement (in force Jan. 1, 2013), available at http://www.wipo.int/madrid/en/legal_texts/.

[7] Rule 2.107(b) is one of the rules that was designed to facilitate U.S. implementation of the Madrid Protocol. *See* Final Rule, *Rules of Practice for Trademark-Related Filings Under the Madrid Protocol Implementation Act*, 68 Fed. Reg. 55748 (Sept. 26, 2003). Because the USPTO must notify the IB of the grounds for the opposition within a short time frame — often no later than one month after the end of the opposition period — the comments introducing that rule explained why those opposing Section 66(a) applications were prohibited from amending their pleadings to add new grounds for opposition:

> The Office is adding a new § 2.107(b) to state that pleadings in an opposition proceeding against an application filed under section 66(a) of the Act may be amended in the same manner and to the same extent as

*Inc. v. Koninklijke Philips Electronics N.V.*, 98 USPQ2d 1558 (TTAB 2011). Because the IB is notified of the grounds of the opposition by the contents of the ESTTA electronic opposition form and not the actual pleading attached thereto, it is the ESTTA electronic opposition form, and not the text of the pleading, that controls the scope of permissible amendments to claims in opposition proceedings involving Section 66(a) applications. *See CSC Holdings LLC,* 99 USPQ2d at 1962-63.

The subject application comprises three international classes of goods and services, and Prosper filed its notice of opposition against all three classes. On the ESTTA electronic opposition form in this case, Prosper indicates that "All goods and services in the class are opposed" with respect to each of International Classes 9, 35, and 42 and designated as grounds for opposition claims of likelihood of confusion under Trademark Act Section 2(d) and dilution under Trademark Act Section 43(c) without limiting either of those grounds to any of the individual international classes in that application.

---

in a civil action in a United States district court; except that, once filed, such opposition may not be amended to add to the goods or services opposed, or to add to the grounds for opposition. Thus, opposer may not add an entirely new ground for opposition or add an additional claimed registration to a previously stated section 2(d) ground. An opposer may make amendments to grounds asserted in the notice of opposition, for example, for clarification.

*Id.* at 55757.

The TSDR[8] database indicates that the USPTO provided timely notification of the particulars of this proceeding on September 12, 2013, by transmitting to the IB the information provided by Prosper on the ESTTA electronic opposition form (and not any information conveyed in Prosper's attached pleading). Thus, the IB was notified that three classes were opposed, and that the grounds for opposition were likelihood of confusion and dilution. Because the limitation on a party opposing registration of a Section 66(a) application prohibits asserting grounds for opposition which were not timely noticed to the IB, it is the scope of the notice to the IB which controls the scope of permissible amendments to the notice of opposition under Trademark Rule 2.107(b). *See CSC Holdings LLC,* 99 USPQ2d at 1962-63. That is, because Prosper identified Sections 2(d) and 43(c) as grounds for opposition in the ESTTA electronic opposition form, Prosper is limited to those grounds for opposition herein; however, because those grounds were not limited in the form to any particular class or classes, Prosper may seek leave to amend the attached pleading to assert those grounds against all of the three international classes in the involved application.

The Board further notes its general policy of liberally granting leave to amend pleadings at any stage of a proceeding when justice so requires, unless entry of the proposed amendment would be prejudicial to the rights of the adverse party or would violate settled law. *See* Fed. R. Civ. P. 15(a); TBMP § 507.02 and cases cited therein. The Board notes that Opposition No.

---

[8] TSDR stands for the USPTO's Trademark Status and Document Retrieval system.

91212472 is still in the pleading stage, and IBM has pointed to no specific prejudice that would result from amendment of Prosper's pleading. *See Microsoft Corp. v. Qantel Business Systems Inc.*, 16 USPQ2d 1732, 1733-34 (TTAB 1990) (proceeding still in the discovery stage and no undue prejudice shown). Although IBM contends that the Section 2(d) claim with regard to International Classes 9 and 42 is "unsupported," the amended pleading of that claim provides sufficient detail as to the basis thereof. *See King Candy Co. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108, 110 (CCPA 1974). Whether or not Prosper can prevail on that claim with respect to those international classes is "a matter to be determined after the introduction of evidence at trial (or in connection with a proper motion for summary judgment)." *Flatley v. Trump*, 11 USPQ2d 1284, 1286 (TTAB 1989).

In view thereof, the motion for leave to file a second amended notice in Opposition No. 91212472 is granted.

### *Prosper's Third Amended Notice of Opposition*

IBM argues that Prosper should not have filed a motion for leave to file a third amended notice because it did so after the Board ordered suspension of Opposition No. 91212472 while to consider Prosper's filing of the motion for leave to file a second amended notice. The suspension order stated that "[a]ny submission filed during the pendency of this motion which is not germane thereto will receive no consideration."

In its motion for leave to file a third amended notice in Opposition No. 91212472, Prosper seeks only to amend the dates of first use of its BIGINSIGHT mark that it set forth in the proposed second amended notice of opposition in that proceeding.[9] The proposed third amended notice of opposition is otherwise identical to Prosper's proposed second amended notice of opposition.[10] Prosper, in the motion for leave to file a third amended notice, merely seeks to make a minor change in the proposed second amended notice of opposition and does not add or fundamentally change the basis for a claim or claims. As such, the Board finds that the motion for leave to file a third amended notice was germane to the motion for leave to file a second amended notice of opposition, and so will consider it.

Because Prosper, in the proposed third amended notice of opposition in Opposition No. 91212472, merely corrects the alleged dates of first use of its BIG INSIGHT mark, the motion for leave to file a third amended notice in

---

[9] Prosper contends that the amended dates set forth in the third amended notice are based on information that was discovered in preparation for the discovery conference and of its initial disclosures in Opposition No. 91215572 and Cancellation No. 92059154. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) and(ii); Trademark Rule 2.120(a)(2).

[10] IBM correctly notes that, in the proposed third amended notice of opposition, Prosper alleges that it first rendered consulting services under the pleaded BIGINSIGHT mark "*as early as September 16, 2010*" in paragraph 3 and then alleges that the BIGINSIGHT mark "has been used in connection with 'providing news, information and analysis compiled from multiple global sources in the field of current events related to marketing strategies and consumer behavior for businesses' *as early as September 10, 2010*" in paragraph 5 (emphasis in original) However, IBM's assertion that these dates are somehow "internally inconsistent" is incorrect. Because Prosper is clearly alleging first use with respect to different services, there is no inconsistency in alleging different dates of first use of the mark as to those services.

that proceeding is granted. The third amended notice of opposition is accepted as the operative complaint in that proceeding. IBM is allowed until January 5, 2015 to file an answer thereto.[11]

The Board deems withdrawn the Section 43(c) claims against the involved application in International Classes 9 and 42 that were set forth in the original notice of opposition in Opposition No. 91212472 and which are not included in either of the amended notices of opposition in that proceeding. Because no answer is of record in that proceeding, those Section 43(c) claims are dismissed without prejudice. *See* Trademark Rule 2.106(c).

***Prosper's Motion to Amend Its Answers***

Likewise, because Prosper sought to amend its answers in Opposition No. 91215572 and Cancellation No. 92059154 prior to the due date for initial disclosures and merely seeks to rely upon an amended date of first use as part of its defense in those proceedings, Prosper's motion for leave to file

---

[11] As Exhibit A to the original notice of opposition in Opposition No. 91212472, Prosper submitted a printout of the registration certificate of its pleaded Registration No. 4320032, which was issued on April 16, 2013, less than five months prior to the September 11, 2013 filing of the original notice of opposition. The registration certificate shows current status and title of that registration and was issued sufficiently contemporaneously with the filing of the original notice of opposition to make that registration of record. *See* Trademark Rule 2.122(d)(1); TBMP § 704.03(b)(1)(A). Although Prosper referred to such registration as Exhibit A in the third amended notice of opposition, Prosper did not include a copy of that registration as Exhibit A thereto. An amended pleading generally supersedes any previous pleadings. *See* TBMP § 507.02. However, in view of Prosper's earlier submission of the registration as an exhibit to the original notice of opposition, that registration is received in evidence and remains part of the record herein.

amended answers in those proceedings is also granted.[12] The amended answers are accepted as Prosper's operative responsive pleadings in Opposition No. 91215572 and Cancellation No. 92059154.

Opposition No. 91215572 and Cancellation No. 92059154 remain suspended through February 18, 2015 to allow activities in Opposition No. 91212472 to catch up with those proceedings. Proceedings in Opposition No. 91215572 and Cancellation No. 92059154 shall resume on February 19, 2015, and the parties are allowed until March 21, 2015 to serve responses to any outstanding discovery requests in those proceedings. Proceedings in Opposition No. 91212472 are resumed, and dates in these newly consolidated proceedings are reset as follows.

| | |
|---|---|
| Answer in Opposition No. 91212472 due: | January 20, 2015 |
| Deadline for discovery conference in Opposition No. 91212472: | February 19, 2015 |
| Discovery opens in Opposition No. 91212472 and resumes in Opposition No. 91215572 and Cancellation No. 92059154: | February 19, 2015 |
| Initial disclosures due in all proceedings: | March 21, 2015 |
| Expert disclosures due in all proceedings: | July 19, 2015 |
| Discovery closes in all proceedings: | August 18, 2015 |
| Prosper's pretrial disclosures as plaintiff in | October 2, 2015 |

---

[12] Dates of use must be established by competent evidence. *See* Trademark Rule 2.122(b)(2). Whether Prosper can establish use as of the date set forth in its amended answers is "a matter to be determined after the introduction of evidence at trial (or in connection with a proper motion for summary judgment)." *Flatley v. Trump, supra.*

Opposition Nos. 91212472 and 91215572 and Cancellation No. 92059154

Opposition No. 91212472 due:

| | |
|---|---|
| Prosper's 30-day testimony period as plaintiff in Opposition No. 91212472 to close: | November 16, 2015 |
| IBM's pretrial disclosures as defendant in Opposition No. 91212472 and as plaintiff in Opposition No. 91215572 and Cancellation No. 92059154 due: | December 1, 2015 |
| IBM's 30-day testimony period as defendant in Opposition No. 91212472 and as plaintiff in Opposition No. 91215572 and Cancellation No. 92059154 to close: | January 15, 2016 |
| Prosper's pretrial disclosures for rebuttal in Opposition No. 91212472 and as defendant in Opposition No. 91215572 and Cancellation No. 92059154 due: | January 30, 2016 |
| Prosper's 30-day testimony period as defendant in Opposition No. 91215572 and Cancellation No. 92059154 and for rebuttal as plaintiff in Opposition No. 91212472 to close: | March 15, 2016 |
| IBM's rebuttal disclosures as plaintiff in Opposition No. 91215572 and Cancellation No. 92059154 due: | March 30, 2016 |
| IBM's 15-day rebuttal testimony period as plaintiff in Opposition No. 91215572 and Cancellation No. 92059154 to close: | April 29, 2016 |
| Brief for Prosper as plaintiff in Opposition No. 91212472 due: | June 28, 2016 |
| Brief for IBM as defendant in Opposition No. 91212472 and as plaintiff in Opposition No. 91215572 and Cancellation No. 92059154 due: | July 28, 2016 |
| Brief for Prosper as defendant in Opposition No. 91215572 and Cancellation No. 92059154 and reply brief, if any, as plaintiff in Opposition No. 91212472 due: | August 27, 2016 |

Reply brief, if any, for IBM as plaintiff in Opposition          September 11, 2016
No. 91215572 and Cancellation No. 92059154 due:

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129. If either of the parties or their attorneys should have a change of address, the Board should be so informed promptly.